CHICAGO—FIRST DISTRICT—MARCH, 1918.    65

Universal Floor Co. v. George W. Stiles Const. Co., 210 Ill. App. 63.

Universal Floor Company, Appellee, v. George W. Stiles Construction Company, Appellant.

Gen. No. 23,337.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and remanded. Opinion filed March 13, 1918. Rehearing denied March 25, 1918.

## Statement of the Case.

Action by Universal Floor Company, a corporation, plaintiff, a subcontractor, against George W. Stiles Construction Company, a corporation, defendant, the contractor, to recover a balance claimed due under a contract between them amounting to $2,126.54. From a judgment for plaintiff for the amount of the claim, defendant appeals.

DENT, DOBYNS & FREEMAN, for appellant.

SILBER, ISAACS, SILBER & WOLEY, for appellee; FREDERICK D. SILBER, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 5*—*what is part of contract between subcontractor and contractor.* The plans and specifications for a building were part of the contract between a contractor and a subcontractor which stated the subcontractor's work should be done as per plans and specifications, where the subsequent conduct of the parties showed they considered the plans and specifications a part of the contract.

2. BUILDING AND CONSTRUCTION CONTRACTS, § 93*—*when evidence tending to excuse failure to obtain architect's certificate inadmis-*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Universal Floor Co. v. George W. Stiles Const. Co., 210 Ill. App. 63.

*sible under declaration.* Where the declaration in an action by a subcontractor against a building contractor alleged that the work had been done in accordance with the terms of the contract between them, and the plans and specifications, and that the work had been completed and tendered to defendant and an architect's certificate issued to plaintiff calling for payment, and the proof showed that the work was not done in accordance with the plans and specifications and was rejected by the architect and building committee and no certificate was issued to plaintiff, evidence offered by plaintiff tending to excuse his failure to obtain the architect's certificate was improperly admitted.

3. BUILDING AND CONSTRUCTION CONTRACTS, § 84*—*when subcontractor may not recover under common counts against contractor.* No recovery lies under the common counts for money claimed to be due a subcontractor from the general contractor under their contract, where the subcontractor fails to obtain the architect's certificate and the approval of the building committee, which was required under the contract.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.